IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM HINELINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) Case No. 02-cv-0738-MJR-PMF |
| | ) |
| ELGIN, JOLIET AND EASTERN | ) |
| RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

ORDER REGARDING VENUE TRANSFER MOTION

REAGAN, District Judge:

Ten years ago, William Hineline filed suit in this Court against his former employer (Elgin, Joliet & Eastern Railway Company) under the Federal Employers' Liability Act and the Locomotive Boiler Inspection Act. Hineline alleged that he was injured by his on-the-job exposure to asbestos-containing products while he worked in Defendant's various railroad facilities, including the shops in and around Gary, Indiana (Complaint, Doc. 1, ¶ 5). The case was assigned to Judge William D. Stiehl in this Court. In September 2002, the case was transferred to the U.S. District Court for the Eastern District of Pennsylvania, as part of MultiDistrict Litigation (MDL) Panel Docket #875.

Over two months later, on November 20, 2002, Defendant filed *in this District Court* a motion to transfer venue to either the Northern District of Indiana or the Northern District of Illinois. (The motion was actually included in the same document as Defendant's answer, Doc. 3.) Because the case was no longer pending in this District and Judge Stiehl no longer enjoyed jurisdiction to rule on motions, the Clerk's Office mooted the motion immediately.

In April 2012, the case was remanded to this District from the MDL Court. When the case came back to this District, Judge Stiehl recused. The case was randomly reassigned to the undersigned Judge, who recently conducted a telephone conference to discuss scheduling issues. During the telephone conference, Defendant raised the issue of venue. The Court noted that no motion was pending here (indeed, a check of the docketing information revealed that no motion was ever properly filed here), but Defendant could file a venue transfer motion, and the Court would promptly rule thereon.

On July 2, 2012, Defendant (now known as Gary Railway Company) filed a "Motion to Transfer Venue" (Doc. 15). The motion asks the undersigned Judge to transfer this case to the United States District Court for the Northern District of Indiana or the Northern District of Illinois, pursuant to 28 U.S.C. § 1406(a). The Court is cognizant that defense counsel endeavored to quickly file the motion, as encouraged by the Court. The undersigned Judge **DIRECTS counsel to re-file the motion to correct a number of errors therein.**

First, as to docketing errors, the motion bears an incorrect case number (it still bears Judge Stiehl's initials in the caption, lacks Judge Frazier's initials, and should instead say "Case No. 02-cv-0738-MJR-PMF"). Additionally, attached to the motion is a certificate of service with *blank* signature lines. If all parties are represented by counsel who participate in electronic filing, no signed certificate of service is needed (electronic service of the "Notice of Electronic Filing" satisfies the certificate of service requirement). But if a certificate of service is used, it should be signed (not left blank as on Defendant's motion). *See, e.g., Electronic Case Filing Rule* 9.

Two substantive errors bear note as well. First, the motion does not cite the venue provision(s) under which venue is *proper* for this action, whether that is 28 U.S.C. § 1391(b)(1) or § 1391(b)(2) or § 1391(b)(3). Second, the motion states that Defendant filed its venue motion in this Court on November 20, 2002, the motion "was not responded to nor ruled upon," and the case "was transferred to the MDL panel" (Doc. 15, p. 1). This is incorrect in that the motion was not filed here until two months

*after* the case left this District and was pending in the Eastern District of Pennsylvania. For that reason, the Clerk's Office of this Court cleared/mooted the motion immediately upon its filing here.

Simply put, Defendant's transfer motion appears well-taken, but the Court finds it prudent to get an accurate and complete motion on file before ruling on the issue.  The Court **DIRECTS** Defendant to re-file its venue motion, using a proper case number and certificate of service, and including an explanation of (and citation to) the venue provision under which venue *is proper* for this action.   Defendant should correct these minor errors and re-file its venue motion by **July 9, 2012**.  Plaintiff should still respond by July 11, 2012.  Any docketing questions (regarding electronic case filing requirements, certificates of service, etc.) may be addressed to the Clerk's Office of this Court (618.482.9371).

IT IS SO ORDERED.

Dated July 3, 2012.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge
